IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>LOWELL WREH,<br>[DOB: 02/02/1969]<br><br>            Defendant. | Case No. 16-00014-01-CR-W-DW<br><br>**COUNT ONE:**<br>18 U.S.C. § 1343<br>NMT: 20 Years Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years Supervised Release<br>Class C Felony<br><br>$100 Mandatory Special Assessment on Each Count<br><br>**Forfeiture Allegation**<br>18 U.S.C. §§ 981(a)(1), 982(a)(1)<br>21 U.S.C. § 853 |

# I N F O R M A T I O N

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE

At all times relevant to this Information:

1. LOWELL WREH was the acting president of American Federation of State, County and Municipal Employees (AFSCME) Local 1707 from October 20, 2012, until July 17, 2013. AFSCME Local 1707 is a labor organization in Kansas City, Missouri, whose members are employed at the Jackson County Department of Corrections. LOWELL WREH was the president of Local 1707 from 2013 until he was suspended in April 2014, and officially dismissed on August 11, 2014.

2. Local 1707 derived its income primarily from membership dues, which range from $32.70 to $33.20 per month from each member. Local 1707 also received a parking

stipend of $24,000 from Jackson County in January 2013. These funds were intended to be used to lease and maintain a parking lot for Local 1707 members.

3. WREH's duties as president of Local 1707 were to chair union meetings, appoint all committees, countersign checks drawn on local funds, report to the membership on official acts and represent the union.

4. Local 1707 maintained bank accounts with North American Savings Bank (NASB), Grandview, Missouri, which is a member and insured depository institution of the Federal Deposit Insurance Corporation ("FDIC"). All checks written from an account at NASB are processed through Core Fiserv, located in Connecticut.

5. WREH was not authorized by Local 1707 to issue checks to third parties or himself from Local 1707 checking account at NASB.

## COUNT ONE
## Wire Fraud

6. From approximately February 8, 2013, through January 14, 2014, in the Western District of Missouri and elsewhere, LOWELL WREH knowingly executed a scheme and artifice to defraud and to obtain money, funds, and credits and other property owned by and under the custody and control of the AFSCME Local 1707 by means of material false and fraudulent pretenses, representations, and promises.

7. As part of the scheme and artifice to defraud that WREH did the following:

   a. WREH made checks from the AFSCME Local 1707's bank account with NASB payable to himself in the amount of $5,365 without the knowledge, authorization or consent of the AFSCME Local 1707.

    b.    WREH made checks from the AFSCME Local 1707's bank account with NASB payable to others for WREH's benefit in the amount of $2,277.19 without the knowledge, authorization or consent of the AFSCME Local 1707.

    c.    WREH, in his position as president of AFSCME Local 1707, made false statements and material omissions to the executive board of AFSCME Local 1707 concerning the checks and withdrawals that were made payable to WREH and to others on his behalf.

8. On or about each of the dates set forth below, in Kansas City, Missouri, in the Western District of Missouri, defendant LOWELL WREH, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description of Transaction | Payee | Amount |
| --- | --- | --- | --- | --- |
| 1 | 02/22/2013 | Check # 1011 | Lowell Wreh | $3,500 |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The allegations of Count One of this Information is re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property, real and personal, in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28, United States Code, Section 2461, and the procedures outlined in Title 21, United States Code, Section 853.

Upon conviction of any violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds the person obtained directly or indirectly pursuant to Title 18, United States Code, Section 981(a)(1).

The property subject to forfeiture includes, but is not limited to, the following:

<u>Money Judgment and Other Property Involved In or Traceable to the Offenses</u>:

Any interest or proceeds traceable thereto of at least $7,642.19, representing the proceeds obtained by defendant LOWELL E. WREH, in that such sum in aggregate is involved in, or is derived from, proceeds traceable to the offenses set forth in Count One.

## **Substitute Assets**

If the property described above as being subject to forfeiture as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1), 982(a)(7), Title 28, United States Code, Section 2461, and the procedures outlined in Title 21, United States Code, Section 853(p).

        Tammy Dickinson
        United States Attorney

By:

        Paul S. Becker
        Assistant United States Attorney

Dated: _____
       Kansas City, Missouri
       Western District of Missouri